FILED  RECEIVED
ENTERED  SERVED ON
COUNSEL/PARTIES OF RECORD

July 21, 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GEICO CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL SCHNEIDER, et al.,<br><br>Defendants. | Case No. 2:17-cv-00961-APG-VCF<br><br>**ORDER**<br><br>MOTION FOR A PROTECTIVE ORDER (ECF No. 21) |

Before the Court is Plaintiff Geico Casualty Company's Motion for a Protective Order (ECF No. 21). No opposition has been filed. For the reasons stated below, Geico's Motion for a Protective Order is granted.

## DISCUSSION

Geico's motion requests that this Court issue a protective order that limits the release of information from two affidavits executed by a Geico employee. This information allegedly contains confidential and proprietary information regarding Geico's position on "stacking" insurance. Geico attempted in good faith to enter into a confidentiality agreement with Defendants Paul Schneider, Kimberly Schneider, and Casandra Schneider (collectively, "Schneider") without court action, but were unable to do so.

Geico's Motion for a Protective Order is granted for two reasons. First, Schneider has not filed an opposition to Geico's motion. *See* Local Rule 7-2(d) ("[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

Second, Geico has met its burden to show good cause. Fed. R. Civ. P. 26(c) states, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery ...
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way ...

For good cause to exist, the movant "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *See Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). If a court finds specific harm will result from such disclosure, then it must balance the public and private interests to determine whether a protective order is necessary. *See Phillips ex rel. Estates of Byrd*, 307 F.3d at 1211. Courts have broad latitude to decide when a protective order is appropriate, what degree of protection is required, and whether the nature of the harm advanced justifies the order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2036 (3d ed. 2010) ("a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.").

The Court finds that Geico has met its burden to show specific harm from disclosure of the information in the affidavits. *See* ECF No. 21 at 9 ("The affidavits contain information that reflects GEICO's pricing and structure of rates" and "[r]elease of this information to ... competitors would put them at a distinct disadvantage in those marketplaces" and "[i]t would place a strain on ... its current customers, because other competitors could intentionally try to undercut GEICO and steal its clients."); *see also Phillips ex rel. Estates of Byrd*, 307 F.3d at 1211. After considering the competing public and private interests, the Court further finds that a protective order is necessary. A protective order permitting the confidential and proprietary information to be viewed by a limited group of individuals such as Defendants, Defendant's Counsel and staff, retained experts or consultants, authorized mediators, arbitrators, reinsurers, auditors and regulators, among others, would allow Defendants to review and use the information, but also give Geico the protections it seeks. *See* ECF No. 21 at 9.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Geico Casualty Company's Motion for a Protective Order (ECF No. 21) is GRANTED. Geico may submit a proposed confidentiality agreement and protective order for the Court's review and approval on or before July 28, 2017.

IT IS SO ORDERED.

DATED this 21st day of July, 2017.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE