# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEICO CASUALTY COMPANY, | Case No. 2:17-cv-00961-APG-VCF |
| Plaintiff, | |
| v. | **ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) SETTING A HEARING** |
| PAUL SCHNEIDER; KIMBERLY SCHNEIDER; and CASANDRA SCHNEIDER, | |
| Defendants. | (ECF Nos. 25, 27) |

This is a dispute over the amount of insurance coverage available to defendants Kimberly Schneider and Casandra Schneider[1] under their insurance policy with plaintiff GEICO Casualty Company (GEICO). After a motor vehicle accident in 2015, the defendants obtained the liability insurance limits from the tortfeasor, and made claims to GEICO under their underinsured motorist (UIM) coverage and medical payments coverage.

The policy covers six members of the Schneider family and six different vehicles. It has UIM limits of $15,000 per person/$30,000 per occurrence and medical payments limits of $5,000 per person per occurrence. The policy also includes an anti-stacking provision for each form of coverage. GEICO paid the defendants $30,000 under the UIM coverage (the per occurrence limit) and $15,000 under the medical payments coverage (the $5,000 limit for each person in the vehicle during the accident). The defendants demanded payment for the stacked limits of the policy, or $90,000 per person/$180,000 per occurrence for UIM and $30,000 for medical payments.

GEICO filed this action, seeking a declaration that its financial obligations to the defendants under the UIM and medical payments coverage have been extinguished by the payments already made. The defendants move for partial summary judgment, arguing that the

---

[1] Paul Schneider passed away in 2017, and Kimberly was substituted in his place. ECF No. 39.

1  UIM anti-stacking provision is invalid under Nevada Revised Statutes § 687B.145.  GEICO also
2  moves for summary judgment, contending that the anti-stacking provisions are valid and therefore
3  it has met its contractual obligations.
4       The parties are familiar with the facts of the case and I will not repeat them here except
5  where necessary.  The medical payments anti-stacking provision is valid.  However, GEICO has
6  not proven the UIM anti-stacking provision is valid.  I therefore grant GEICO's motion for
7  summary judgment in part as to the medical payments coverage.  I will set a hearing on the
8  question of the validity of the UIM anti-stacking provision.

**I.     ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and draw reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenck, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada Revised Statutes § 687B.145(1), a valid anti-stacking provision must satisfy three prerequisites.  "First, the limiting provision must be expressed in clear language.  Second, the provision must be prominently displayed in the policy, binder, or endorsement.  Finally, the insured must not have purchased separate coverage on the same risk nor paid a premium calculated for full reimbursement under that coverage." *Nationwide Mut. Ins. Co. v.*

*Coatney*, 42 P.3d 265, 267 (Nev. 2002) (quotation omitted). The "burdens of persuasion and production on the issue of the validity of an anti-stacking clause . . . rest on the insurer." *Torres v. Farmers Ins. Exch.*, 793 P.2d 839, 842 (Nev. 1990).

At issue in this case are two nearly identical anti-stacking provisions. The first limits UIM coverage. Under the heading "**LIMITS OF LIABILITY**," the provision appears as follows:

> **4. ANTI-STACKING**
> **IF *YOU* OR ANY OTHER *INSURED* IS IN AN ACCIDENT:**
> **(A) IN AN *INSURED AUTO* WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGE FOR THAT PARTICULAR *INSURED AUTO*.**
> **(B) IN A MOTOR VEHICLE OTHER THAN *YOUR INSURED AUTO* OR WHILE AS A PEDESTRIAN, WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGE WHICH *YOU* HAVE ON ANY ONE OF *YOUR INSURED AUTOS*.**
> **THIS LIMIT OF COVERAGE APPLIES REGARDLESS OF THE NUMBER OF POLICIES, *INSUREDS*, *YOUR INSURED AUTOS*, CLAIMS MADE, OR MOTOR VEHICLE INVOLVED IN THE ACCIDENT. COVERAGES ON OTHER MOTOR VEHICLES INSURED BY US CANNOT BE ADDED OR STACKED ON THE COVERAGE OF *YOUR INSURED AUTO* THAT COVERS THE LOSS.**

ECF No. 25-1 at 15 (emphasis in original).[2]

**A. Clear Language**

An anti-stacking provision must be written in clear language, meaning it "should be neither ambiguous nor difficult to understand." *Bove v. Prudential Ins. Co. of Am.*, 799 P.2d 1108, 1110 (Nev. 1990). The language must be "truly comprehensible to the average insured." *Id.* (emphasis omitted). In *Nationwide Mutual Insurance Company v. Coatney*, the Supreme Court of Nevada held that an anti-stacking provision with language nearly identical to the provisions at issue in this case—the main difference being the use of the phrase "your auto" as opposed to "insured auto" or "owned auto"—was clear and unambiguous in prohibiting stacking. 42 P.3d at 266, 268. Because of the similarity between the language in that case and here, *Coatney* is dispositive and the language of GEICO's anti-stacking provisions is clear.

////

---

[2] The policy's medical payments benefits are similarly limited by a nearly identical provision, which substitutes "owned auto" for "insured auto." *See* ECF No. 25-1 at 31–32. The analysis of the UIM anti-stacking provision's clarity and prominence thus applies equally to the medical payments anti-stacking provision.

**B. Prominently Displayed**

To be prominently displayed, the anti-stacking provision "must direct the reader's attention toward the critical language, and have greater prominence than other provisions." *Bove*, 799 P.2d at 1111 (quotation omitted). This is a question of "prominence, not of immediacy." *Id.* In *Bove v. Prudential Insurance Company of America*, the Supreme Court of Nevada found that an anti-stacking provision was prominent when it was set apart by the subheading "LIMIT OF COVERAGE" and was "the only part of the policy containing an entire section (18 lines) in bold-faced capital letters." *Id.*

Similarly, the provisions at issue here are the only parts of the insurance policy containing an entire section (10 lines) in bold-faced capital letters. *See* ECF No. 25-1 at 15, 31–32. Although other words or phrases and headings in the policy are in bold or capital letters, no other part was set as markedly apart as the anti-stacking provisions. *Cf. Bove*, 799 P.2d at 1111 ("By comparison, no other part of the policy has more than two lines printed in such a manner."). Moreover, as prominence and not immediacy is the main inquiry, the fact that the provisions are found on page 39 of the policy and in an amendment does not affect whether the provisions are "different from [their] surrounding terms." *Neumann v. Standard Fire Ins. Co. of Hartford, Conn.*, 699 P.2d 101, 105 (Nev. 1985); *see also Bove*, 799 P.2d at 1111 (finding an anti-stacking provision "not contained in the first of two documents that comprised the [insurance] policy" was still prominent). The anti-stacking provisions are the only parts of the entire policy printed in all capital letters and bolded font and thus comply with the statute's prominence requirement.

**C. Single Payment**

An anti-stacking provision "cannot be used to force the insured to purchase separate coverage for the same risk or pay a premium calculated for full reimbursement under that coverage." *Bove*, 799 P.2d at 1111. To meet its burden on this requirement, GEICO must show that a "different [UIM] premium amount was charged for each separate policy [or vehicle] (thus showing that each . . . covered a separate and unique risk) or that the insured received a discount

for the anti-stacking provision." *Schneider v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-01932-JAD-CWH, 2016 WL 4520907, at *2 (D. Nev. Aug. 29, 2016) (citations omitted).

1. Medical Payments Coverage

In support of its motion, GEICO produced two affidavits by Karen Brinster, the Assistant Vice President of GEICO's Pricing, Product and Reserving Department. With respect to the medical payments coverage, Brinster states that certain factors were taken into account in determining the premium for each of the defendants' vehicles, including the vehicle classification, the model year, safety systems, and the age of the vehicle. ECF No. 27-4 at 3–4.

According to Brinster's affidavit, GEICO calculated different medical payments coverage premium amounts for each vehicle because each covered a separate and unique risk. The defendants do not respond to GEICO's argument and evidence regarding the medical payments coverage. *See Coatney*, 42 P.3d at 268 ("The [insureds] have failed to produce any evidence to refute this conclusion."). Therefore, GEICO has met its burden to show that the medical payments anti-stacking provision satisfies Nevada's statutory requirements and is enforceable. Thus, I grant GEICO's motion for summary judgment on the medical payments coverage.

2. UIM Coverage

The defendants argue that the policy declarations page shows that they paid $28.30 for UIM coverage on each of the six insured vehicles. They contend that any payment other than that on the first vehicle "would have been for absolutely nothing unless the subject policies stack." ECF No. 25 at 12.

GEICO responds that the premium amount for UIM coverage "for a policy is calculated for a single amount of coverage" and that the premium is displayed on the declarations page for each vehicle "to show that such coverage is available no matter which vehicle is being operated." ECF No. 27-5 at 2–3. GEICO contends that had the coverage been stacked, the premium would have been higher, as it would be for a higher level of coverage.

Brinster's affidavit provides a table showing non-stacked and stacked premiums for Florida and Pennsylvania, where GEICO offers stacked coverage. The stacked premiums were

greater than those for non-stacked coverage, but the examples provided were for $25,000 per person/$50,000 per occurrence for two-vehicle, three-vehicle, and four-vehicle policies and without explanation of how the rates were calculated in relation to Nevada rates. *See* ECF No. 27-5 at 4. Brinster also provides an example of non-stacked premiums for one, two, and four-vehicle policies in Nevada with similar policy characteristics to the defendants' policy, and opines that hypothetical stacked coverage would be more expensive. *Id.* at 5–7.

However, Brinster's affidavit does not provide any explanation as to how the UIM premium for the defendants' policy was calculated, whether calculated by car or overall policy. The declarations page of the insurance policy appears to show that the same premium was charged for all six vehicles covered under the policy. GEICO has not shown that the defendants received a discount for the anti-stacking provision, because it has not shown any actuarial basis for how the defendants' premium or premiums were calculated. The affidavit gives only general information about policies with different levels of coverage and a different number of vehicles. Therefore, GEICO failed to prove that the UIM anti-stacking provision is valid as a matter of law. *See Serrett v. Kimber*, 874 P.2d 747, 751 (Nev. 1994) (finding a statement by insurance company that it charged a flat rate for UIM coverage was not sufficient evidence, especially when the policy declaration page indicated separate premiums for each vehicle).

Because neither party disputes any material fact, the construction of the insurance policy is a question of law. *See id.* at 749. Therefore, I will hold a hearing on the question of whether the defendants purchased separate coverage for the same UIM risk and paid a premium calculated for full reimbursement under that coverage.

**II.    CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff GEICO Casualty Company's motion for summary judgment **(ECF No. 27) is GRANTED in part.** Judgment is granted on the validity of the anti-stacking provision limiting medical payments coverage.

IT IS FURTHER ORDERED that the parties shall appear for a hearing on **May 16, 2018 at 10:30 a.m.** in Las Vegas courtroom 6C to discuss the scheduling of an evidentiary hearing

regarding whether the UIM coverage can be stacked.  Of particular importance at the evidentiary hearing will be how the uninsured/underinsured motorist premium on the defendants' policy was calculated, whether a different amount was charged for each vehicle, and whether the premium was discounted due to the anti-stacking provision.

DATED this 8th day of May, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE