# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEICO CASUALTY COMPANY,<br><br>    Plaintiff<br><br>v.<br><br>PAUL SCHNEIDER; KIMBERLY SCHNEIDER; and CASANDRA SCHNEIDER,<br><br>    Defendants | Case No.: 2:17-cv-00961-APG-VCF<br><br>**Order Denying Motions for Summary Judgment and Setting Hearing**<br><br>[ECF Nos. 25, 27] |

At the hearing on May 30, 2018, I ordered the parties to submit supplemental affidavits and briefs on the validity of the anti-stacking provision of GEICO's uninsured/underinsured motorist (UIM) coverage. After considering the parties' briefs and GEICO's affidavit, I find a question of fact remains as to whether GEICO has met the statutory requirements.

Under Nevada Revised Statutes § 687B.145(1), an anti-stacking provision will be void if "the named insured has purchased separate coverage on the same risk and has paid a premium calculated for full reimbursement under that coverage." The insurer has the burden to show that a "different [UIM] premium amount was charged for each separate policy (thus showing that each policy covered a separate and unique risk) or that the insured received a discount for the anti-stacking provision." *Schneider v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-01932- JAD-CWH, 2016 WL 4520907, at *2 (D. Nev. Aug. 29, 2016) (citations omitted).

GEICO's submits the affidavit of its Assistant Vice President of Pricing, Product and Reserving Department, which states that in Nevada, UIM "coverage for a policy is calculated for a single amount of coverage." ECF No. 43-1 at 3. This calculation starts with a base rate, which "represents the starting dollar amount . . . used to calculate the premium for one covered

exposure[,] . . . defined as one insured vehicle for one year." *Id.* Several factors are applied to the base rate. Finally, as to the Schneider's policy, "[a]fter accounting for the 6 vehicles on the policy, a 'Multi Vehicle Discount' factor is applied." *Id.* at 5. The affidavit states this discount factor was .6935, but does not explain how it was calculated or whether it is a discount given for the anti-stacking provision or something else, such as the business generated by multiple lines of business. *See id.; see also Tenas v. Progressive Preferred Ins. Co.*, 238 P.3d 860, 2008 WL 6113368, at *3 (Nev. Sept. 16, 2008) (finding a genuine issue of material fact as to the validity of an anti-stacking provision where the policy declarations page "provides a 'multi-car discount' . . . [but did] not unambiguously state whether [the insured] had received a discount as to anti-stacking"). Therefore, a genuine issue of material fact exists as to the validity of the UIM anti-stacking provision, and granting either party's motions for summary judgment on this issue would be inappropriate.

GEICO has demanded, and has the right to, a jury trial. *See* ECF No. 1; *Kam-Ko Bio-Pharm Trading Co., Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009) ("[I]n a declaratory relief action, as in other civil actions, a party has an absolute right to a jury trial unless a jury has been waived." (emphasis omitted) (quotation omitted)). Given the limited nature of the facts at issue, the parties should confer about whether they want a jury or a bench trial. I will hold a hearing to discuss the scheduling and details of a trial on July 18, 2018.

IT IS THEREFORE ORDERED that the portion of GEICO's motion for summary judgment **(ECF No. 27)** addressing the UIM coverage is **DENIED.**

IT IS FURTHER ORDERED that the Schneiders' motion for summary judgment **(ECF No. 25) is DENIED.**

IT IS FURTHER ORDERED that the parties shall appear for a hearing on **July 18, 2018 at 1:30 p.m.** in Las Vegas courtroom 6C to discuss the scheduling and details of a trial.

DATED this 9th day of July, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE